UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

JOHN W. HARGRAVE (JH 9935)
JOHN HARGRAVE & ASSOCIATES
117 Clements Bridge Road
Barrington, New Jersey 08007
(856) 547-6500
*Attorneys for John W. Hargrave, Trustee*

In Re:

**FRANK GIOSA and
KAREN B. GIOSA**

Order Filed on 10/19/2005 by Clerk U.S. Bankruptcy Court District of New Jersey

Case No.    05-33296/GMB

Adv. No.

Hearing Date: 10/03/05 @ 10:00 a.m.

Judge:    Gloria M. Burns

### ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 13 ON TERMS AND PROHIBITING DISMISSAL EXCEPT UPON PRIOR NOTICE TO CREDITORS

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: 10/19/2005**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

04/08/02

**(Page  2)**

Debtor:        **FRANK GIOSA and  KAREN B. GIOSA**

Case No:       05-33296/GMB

Caption of Order:    **ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 13 ON TERMS AND PROHIBITING DISMISSAL EXCEPT UPON PRIOR NOTICE TO CREDITORS**

Upon consideration of Debtors' motion/application for an order to convert this case to Chapter 13 and the opposition of John W. Hargrave, Trustee, and good cause appearing.

**IT IS HEREBY ORDERED** that the Debtor's motion to convert this case a case under Chapter 13 is **APPROVED** subject to the following terms:

1. The Debtor or Debtor's counsel shall serve a copy of this Order on the Chapter 7 Trustee, the Standing Chapter 13 Trustee, each professional retained by the Chapter 7 Trustee, and the Office of the U.S. Trustee within 5 business days of entry.

2. Within 30 days of the date of this Order, the Chapter 7 Trustee shall file and transmit to the United States Trustee:

    a.    an account of all receipts and disbursements made in the chapter 7 case, and

    b.    a report on the administration of the case pursuant to 11 U.S.C. §704(9).

3. The Chapter 7 Trustee or counsel shall promptly provide a report to the Chapter 13 Trustee as to any assets, potential assets, claims or recoveries, or other matters of significance and shall provide the Chapter 13 Trustee such additional information as he/she may reasonably require. The reasonable fees and expenses incurred in compliance with this paragraph shall be treated as an administrative expense.

*Approved by Judge Gloria M. Burns October  19, 2005*

04/08/02

**(Page 3)**

Debtor: **FRANK GIOSA and KAREN B. GIOSA**

Case No: 05-33296/GMB

Caption of Order: **ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 13 ON TERMS AND PROHIBITING DISMISSAL EXCEPT UPON PRIOR NOTICE TO CREDITORS**

---

4. The Chapter 7 Trustee or any other party entitled to compensation may at any time prior to the confirmation hearing file an application for compensation and reimbursement of expenses.

5. Within 15 days from the date of this Order, the debtor shall file the statements and schedules required by Federal Rule of Bankruptcy Procedure 1007(b), if such documents have not already been filed.

6. Within 15 days from the date of this Order, the debtor shall file a Chapter 13 Plan conforming to this Order. Such plan shall contain the following provisions:

   a. that all fees and expenses allowed to the Chapter 7 Trustee, or any professional retained by the Trustee shall be paid in full as an administrative expense, before payment of any priority claims or general unsecured claims.

   b. that all assets of the Debtors shall revest in the Debtors only upon completion of all Plan payments and obligations.

   c. **that the Chapter 13 Plan filed by the Debtors shall be based upon a minimal value of TO BE DETERMINED BY CHAPTER 13 TRUSTEE for Debtors' interest in a residence located at 13 Royalty Lane, Laurel Springs, New Jersey.**

7. The Chapter 13 case shall not be dismissed except by Motion or application with prior notice to John W. Hargrave, the current Chapter 7 Trustee, and all creditors.

*Approved by Judge Gloria M. Burns October 19, 2005*

04/08/02

**(Page 4)**

Debtor:        **FRANK GIOSA and KAREN B. GIOSA**

Case No:      05-33296/GMB

Caption of Order:    **ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 13 ON TERMS AND PROHIBITING DISMISSAL EXCEPT UPON PRIOR NOTICE TO CREDITORS**

---

8. The Debtor, the Clerk, and the Chapter 13 Trustee shall include John W. Hargrave, Trustee, in any notice lists, and shall serve him with copies of any papers filed with the Court.

9. If the Debtor fails to comply with any obligation under this Order, or if the Court fails or refuses confirmation of the Debtor's Plan or any amendment thereto, the case shall not be dismissed, but shall be reconverted to Chapter 7 upon application by the Chapter 13 Trustee, any creditor, or upon the Court's own motion.

10. Upon any reconversion of the case to Chapter 7, the assets of the Chapter 7 Estate shall include any undistributed monies held by the Chapter 13 Trustee, and all property of the Debtors as of the date of conversion which would have been property of the Estate had the case been commenced on such date. No funds received by the Chapter 13 trustee shall be refunded to the Debtor after any dismissal except after notice to John W. Hargrave, former Trustee, and all creditors or parties in interest, and al1 opportunity for a hearing.

11. Any discharge which was granted is hereby vacated.

*Approved by Judge Gloria M. Burns October 19, 2005*